UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

PATRICK O'FRIEL and
PATRICIA DESIREE OSCARSSON
    Plaintiffs,
-vs.-                                    **DEMAND FOR JURY TRIAL**

COMMERCIAL RECOVERY SYSTEMS, INC.
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiffs, Patrick O'Friel and Patricial Desiree Oscarsson, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Commercial Recovery Systems Inc. which is a Texas company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in San Diego County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. The Plaintiffs are husband and wife.

7. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff, Patrick O'Friel, for a personal credit card.

8. Defendant first called Plaintiff, Patricia, sometime in August 2011 on her cell phone, over the collection of her husband's debt.

9. Patricia is receiving automated phone calls from Defendant over a debt owed by her husband.

10. Sometime in August, 2011, Patricia called Defendant back and asked them to stop calling her. She told them that they have the wrong number and asked them to remove her number from their system. Defendant has continued to call Patricia's cell phone.

11. Sometime in August, 2011, Plaintiff, Patricia, told Defendant to stop calling her cell phone while she is at work. Patricia said to Defendant, "You call while I am working, don't call me." Defendant has continued to call Patricia on her cell while she is working.

12. Sometime in November if 2011, Defendant called Patricia again and Patricia handed the phone to Patrick to listen to the automated message.

13. Patrick then called Defendant back and asked the representative who answered the phone to stop calling his wife and to remove her number.

14. On or about November 11, 2011, Defendant called Plaintiff. This was Veteran's Day and Plaintiff is a Veteran. During this conversation, Plaintiff reminded Defendant that it was Veteran's Day. Plaintiff said to Defendant, "I'm a Veteran and you are calling me on a federal holiday." Plaintiff asked to speak with a supervisor 7-8 times during this conversation. At the end of the conversation, Defendant said to Plaintiff, "You have a nice f**king life, Sir" and then hung up on Plaintiff.

15. After Patrick was hung up on, Patrick called Defendant right back and said nothing but "Transfer me to your supervisor." Patrick said this many times and "Gretchen Lewis" laughed at Patrick, and then hung up on him yet again.

16. To date, Plaintiff Patrick O'Friel has not received anything in writing from Defendant.

17. We have saved voicemails from Defendant where they fail to state their company name and the fact that they are a debt collector.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiffs reincorporate the preceding allegations by reference.

19. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Each Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

23. The Plaintiffs have suffered damages as a result of these violations of the FDCPA.

### COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

24. Plaintiffs incorporate the preceding allegations by reference.

25. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

26. Plaintiff O'Friel a debtor as that term is defined in M.C.L. § 339.901(f).

27. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

28. Plaintiff O'Friel has suffered damages as a result of these violations of the Michigan Occupational Code.

29. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

30. Plaintiffs incorporate the preceding allegations by reference.

31. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

32. Each Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

33. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

34. Each Plaintiff has suffered damages as a result of these violations of the MCPA.

35. These violations of the MCPA were willful.

### COUNT IV - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

36. Plaintiffs reincorporate the preceding allegations by reference.

37. At all relevant times, Defendant, upon information and belief, was using an "automatic telephone dialing system" in connection with its offending contacts with the Plaintiffs as that term is defined at 47 U.S.C. 227(a)(1).

38. At no time has the Defendant ever had an "established business relationship" with either of the Plaintiffs as that term is defined at 47 U.S.C. 227(a)(2).

39. Each Plaintiff is a "consumer" for purposes of the FDCPA and the debt at issue is a consumer debt.

40. In violation of the proscription against contacting persons on cellular telephones, the Defendant made several contacts in contravention of 47 USC 227(b)(1)(iii).

41. Each Plaintiff has suffered damages as a result of these violations of the Telephone Consumer Protection Act at 47 U.S.C. 227(b)(3).

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

# DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiffs request that the Court grant each of them the following relief against the defendant:

    a.  Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted,

January 24, 2012
              /s/ Gary Nitzkin
              GARY D. NITZKIN  P41155
              MICHIGAN CONSUMER CREDIT LAWYERS
              Attorneys for Plaintiff
              22142 West Nine Mile Road
              Southfield, MI 48033
              (248) 353-2882
              Fax (248) 353-4840
              Email –gnitzkin@creditor-law.com